**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Pamela D. April, a single woman, | ) | No. CV-09-1707-PHX-LOA |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| U.S. Airways, Inc., a Delaware corporation, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Amend Answer to Complaint. (docket # 26) Plaintiff filed a response in opposition to the motion, docket # 30, to which Defendant replied, docket # 35. For the reasons set forth below, the Court will grant Defendant's Motion to Amend Answer.

**I. Background**

Plaintiff commenced this action on August 18, 2009. (docket # 1) On September 8, 2009, she filed an Amended Complaint, asserting a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* ("ADA"). (docket # 8) Defendant filed its Answer on November 24, 2009. (docket # 12) Plaintiff's claims arise out of the April 17, 2008 termination of her employment with Defendant, U.S. Airways. (docket # 8) Plaintiff was employed by Defendant as a part-time Passenger Service Agent between 2006 and 2008. (dockets # 8, # 33) During her employment, Plaintiff took unpaid medical leaves of absence because her alleged disability - psoriasis - rendered her unable to work. Defendant contends that it terminated

Plaintiff's employment for job abandonment after she failed to return to work following a lengthy medical absence.  (docket # 33 at 2)  Plaintiff alleges that her termination violates the ADA.

Following a January 12, 2010 Rule 16 conference, the Court issued its Scheduling Order which includes a February 26, 2010 deadline for amending pleadings.  (dockets # 19, # 20)  In compliance with the Scheduling Order, on February 25, 2010, Defendant timely filed the pending Motion to Amend Answer to Complaint.  (docket # 26)  Once the deadline for amending pleadings established in a pretrial scheduling order passes, Federal Rule of Civil Procedure 16, which controls the modification of a district court's scheduling order, governs the amendment of pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1991).  Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  Here, the liberal amendment standard of Fed.R.Civ.P. Rule 15(a), rather than the "good cause" standard of Fed. R.Civ.16, governs the proposed amendment because Defendant filed the motion to amend within the Scheduling Order's deadline for amending pleadings.  Because Defendant's request to amend its answer was not unduly delayed given that it was made less than three months after the Scheduling Conference was held and because Plaintiff has not established that she would be unduly prejudiced by the addition of the affirmative defense of after-acquired evidence, the Court will grant Defendant's Motion to Amend Answer.

**II.  Leave to Amend**

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed.R.Civ.P. 15(a).  The Ninth Circuit has directed district courts to consider the presence of bad faith, undue delay, prejudice to the opposing party, and futility, "with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Defendant seeks to amend its Answer to add the affirmative defense of after-acquired evidence. The "after-acquired-evidence" doctrine permits an employer to avoid some liability by showing that it would have terminated an employee for wrongdoing discovered after a wrongful termination had the employer known of the wrongdoing prior to the wrongful termination. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-62 (1995); *Shnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996), *cert denied*, 519 U.S. 927 (1996); *O'Day v. McDonnel Douglas Helicopter Company*, 79 F3d 756, 759 (9th Cir. 1996). To establish this defense, U.S. Airways must: (1) present after-acquired evidence of Plaintiff's misconduct; and (2) prove by a preponderance of the evidence that it would have fired Plaintiff for that misconduct. *O'Day*, 79 F3d at 759. The employer, U.S. Airways, has the burden of showing that, if it had such evidence, it would have discharged the employee. *Id.* at 1072 (citing *O'day*, 79 F.3d at 758-759) (9th Cir. 1995)). If U.S. Airways prevails on the after-acquired -evidence defense, Plaintiff's remedies may be limited. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070 (9th Cir. 2004) (citing *McKennon* at 879). Contrary to Plaintiff's suggestion in her Response, Defendant's Motion to Amend Answer does not turn on its ability to establish the after-acquired-evidence defense. Rather, Defendant need only meet the Rule 15 standard for amending its pleading. As discussed below, Defendant has met this standard.

In its motion and reply, Defendant explains that during the course of discovery, it learned that Plaintiff was employed outside U.S. Airways during the period of her employment with U.S. Airways and while she was on medical leave. (dockets # 26, # 33) In support of this assertion, Defendant explains that Plaintiff's tax return for 2007 shows that she earned $4,225.00 in wages. (docket # 33, Exh. 4) Plaintiff's 2007 W-2 Form issued by U.S. Airways, however, shows that Plaintiff earned $2,946.12 in wages from U.S. Airways. (docket # 33, Exh. 5) Thus, Plaintiff earned $1,278.88 in wages in 2007 from a source other than U.S. Airways.

Defendant's discovery also uncovered Plaintiff's personnel records from two employers for whom she worked immediately prior to joining U.S. Airways: (1) Professional Nursing; and (2) Remedy Staffing (aka RemX Specialty Staffing). (docket # 33 at 4) Defendant subpoenaed RemX Specialty Staffing on February 16, 2010. RemX Specialty

Staffing's response to the subpoena was not due until March 3, 2010. However, a RemX Specialty Staffing representative verbally informed Defendant's counsel that Plaintiff worked for RemX in 2007. (docket # 33 at 4)  Based on this information, Defendant filed its Motion to Amend Answer on February 25, 2010.  On March 8, 2010, Defendant received documents from RemX Specialty Staffing, substantiating that Plaintiff had worked for that company in 2007. Defendant was unable to submit those materials with its Motion to Amend Answer which was due by February 26, 2010. In support of its Reply, Defendant has also submitted a Purchaser's Statement which Plaintiff completed in June 2007 to purchase a car from Fantasy Auto Sales. (docket # 33, Exh. 6)  In the signed Purchaser's Statement, Plaintiff identifies her current employer as "Remedy" and states that she had been employed there for four years. (*Id*.) Plaintiff did not identify U.S. Airways as an employer on the Purchaser's statement. (*Id*.)

Defendant has shown that it has diligently pursued discovery following the Rule 16 conference and filed its Motion to Amend Answer less than three months after that conference. No dispositive motions have been filed and are not due until September 30, 2010. (docket # 20) This matter is currently in the discovery phase. Evidence obtained during discovery supports Defendant's Motion to Amend Answer to assert a defense of after-acquired evidence. The evidence discovered shows a strong likelihood that Plaintiff was working for another employer at the same time she was working for U.S. Airways and while she may have been on medical leave. U.S. Airways has a policy which prohibits employees on leave from working outside the company. (docket # 33, Exh. 7)  Because Defendant's Motion to Amend Answer was not unduly delayed, considering it was filed less than three months after the Scheduling Conference was held and because Plaintiff has not established that she will be unduly prejudiced by the addition of the affirmative defense of after-acquired evidence, the Court will grant Defendant's Motion to Amend Answer.

The Court also notes that, contrary to Plaintiff's assertion, there is no evidence that Defendant has abused the discovery process to discover "some unrelated misdeed." (docket # 30 at 2) Rather, Defendant has engaged in discovery directly related to Plaintiff's employment,

source of income, and credibility, all of which are relevant to her claims and to Defendant's defenses.

In accordance with the foregoing,

**IT IS ORDERED** that Defendant's Motion to Amend Answer to Complaint, docket # 26, is **GRANTED**.

**IT IS FURTHER ORDERED** that, consistent with LRCiv 15.1, on or before **Thursday, April 8, 2010**, Defendant shall file the Amended Answer, which it submitted as Exhibit 1 in support of its Motion to Amend, and shall serve Plaintiff pursuant to Rule 5, FED.R.CIV.P., within this deadline.

Dated this 23rd day of March, 2010.

Lawrence O. Anderson
United States Magistrate Judge