**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela D. April, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. Airways, Inc., a Delaware corporation,<br><br>    Defendant. | No. CV-09-1707-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Quash Subpoena Duces Tecum. (docket # 32) Defendant has filed a response in opposition to the motion, docket # 36, to which Plaintiff has not replied and the deadline has passed. For the reasons set forth below, the Court will deny Plaintiff's motion.

**I. Background**

Plaintiff commenced this action on August 18, 2009. (docket # 1) On September 8, 2009, she filed an Amended Complaint, asserting a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* ("ADA"). (docket # 8) Defendant filed its Answer on November 24, 2009. (docket # 12) Plaintiff's claims arise out of the April 17, 2008 termination of her employment with Defendant, U.S. Airways. (docket # 8) Plaintiff was employed by Defendant as a part-time passenger service agent between 2006 and 2008. (dockets # 8, # 33) During her employment, Plaintiff took unpaid medical leaves of absence because her alleged disability - psoriasis - allegedly rendered her unable to work. Defendant contends that it terminated

Plaintiff's employment for job abandonment after she failed to return to work following a lengthy medical absence. (docket # 33 at 2) Plaintiff alleges that her termination violated the ADA. Plaintiff seeks back pay, front pay and compensatory damages, including "fringe benefits, emotion [sic] pain and suffering, mental anguish, and loss of enjoyment of life," as well as punitive damages. (docket # 8)

## II. Subpoenas Duces Tecum

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

In accordance with Fed.R.Civ.P. 45, on February 24, 2010, Defendant notified Plaintiff that it intended to serve subpoenas *duces tecum* on Compass Bank, Americredit, and Professional Nursing Staffing Services, third parties believed to have information relevant to this case. (docket # 36, Exh. 1) Plaintiff did not raise any objections prior to service. However, after the subpoenas were served, on March 12, 2010, Plaintiff moved to quash the three subpoenas. (docket # 32) Plaintiff argues that the subpoenas should be quashed because they seek to discover "after-acquired evidence"and were not relevant to a claim or defense in the case as of March 12, 2010. Plaintiff based her on argument on the fact that, as of March 12, 2010, the Court had not ruled on Defendant's Motion to Amend Answer to Complaint to assert a defense of after-acquired evidence.

On March 23, 2010, the Court granted Defendant leave to amend its answer to assert an after-acquired-evidence defense. (docket # 37) The Court noted that "Defendant has engaged in discovery directly related to Plaintiff's employment, source of income, and credibility, all of which are relevant to her claims and to Defendant's defenses." (*Id.* at 4-5) As the Court has previously noted, the after-acquired-evidence doctrine permits an employer to avoid some liability by showing that it would have terminated an employee for wrongdoing discovered after an alleged wrongful termination had the employer known of the wrongdoing prior to the termination. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-62 (1995);

*Shnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996), *cert denied*, 519 U.S. 927 (1996); *O'Day v. McDonnel Douglas Helicopter Company*, 79 F3d 756, 759 (9th Cir. 1996). To establish this defense, U.S. Airways must: (1) present after-acquired evidence of Plaintiff's misconduct; and (2) prove by a preponderance of the evidence that it would have fired Plaintiff for that misconduct. *O'Day*, 79 F3d at 761. The employer, U.S. Airways, has the burden of showing that, if it had such evidence, it would have discharged the employee. *Id.* at 759 (citing *McKennon*, 513 U.S. at 363-364).

The third-party discovery sought by Defendant is relevant to its defense of after-acquired evidence, and thus, falls within the parameters of Rule 26(b)(1), FED.R.CIV.P. The three subpoenas, directed at Plaintiff's creditors and former employers, seek information related to whether Plaintiff worked outside U.S. Airways while on leave from U.S. Airways. Additionally, records from Plaintiff's former employers and creditors may also reveal evidence regarding Plaintiff's effort, or lack thereof, to mitigate her alleged damages. Records pertaining to Plaintiff's previous employment are also relevant to Plaintiff's claims arising from her claim of disability. In short, the third-party subpoenas seek information relevant both to Plaintiff's claims and to Defendant's defenses.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Quash Subpoenas Duces Tecum, docket # 32, is **DENIED**.

DATED this 1st day of April, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge