**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela D. April, a single woman, | No. CV-09-1707-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Airways, Inc., a Delaware corporation, | |
| Defendant. | |

This matter arises on Plaintiff Pamela D. April's ("Plaintiff") Motion to Compel Production of Documents and Responses to Non-Uniform Interrogatories. (Doc. 52) On June 21, 2010, the Court ordered Plaintiff to file a supplement to her Motion, complying with all aspects of LRCiv 37.1(a) and the Local Rules. (Doc. 56) Defendant U.S. Airways, Inc. ("Defendant") filed a Response and Supplemental Response in opposition to the Motion, docs. 55, 59, to which Plaintiff timely replied. For the reasons set forth below, the Court will deny Plaintiff's Motion.

Like her Motion to Compel, Plaintiff's Supplement fails to comply with LRCiv 37.1(a). Except when there is a "complete and total failure to respond," LRCiv 37.1(a) requires the party moving to compel discovery responses to set forth, in separately numbered paragraphs, the pertinent interrogatory or request, the response received, including objections and the reasons why the response received is believed to be deficient.

Despite numerous written warnings to Plaintiff that she must comply with the Local

Rules, Plaintiff's Motion to Compel and Supplement fail to comply with each and every one of LRCiv 37.1's requirements. (Docs. 34, 43, 56) Plaintiff's Motion to Compel and Supplement contain no separate, distinctly-numbered paragraphs. Further, they fail to set forth *verbatim* each interrogatory submitted or request propounded about which Plaintiff seeks an order or the responses and answers received to each. Finally, Plaintiff does not set forth the specific reasons why each of Defendant's discovery responses that are the subject of the Motion to Compel are objectionable or insufficient in close proximity to the interrogatory submitted or request propounded.

The Court is forced to flip back and forth from and to Plaintiff's Supplement, the Motion and its attachments, Defendant's Response and Supplemental Response, and Plaintiff's Reply to try to understand which discovery request is disputed, its answer or response, why Defendant's answer or response is allegedly deficient, and Plaintiff's argument(s) why the discovery request is relevant or discoverable. LRCiv 37.1(a) was adopted to avoid this burdensome task for busy trial judges. The Court agrees with Defendant that "Plaintiff's generic references to discovery requests and exhibits leave it to Defendant and the Court to forage through her papers to piece together Plaintiff's amorphous argument for her [Motion]. Local Rule 37.1 exists to prevent the Court from being treated 'like pigs hunting for truffles' buried in the record, just as Plaintiff has done here. See *Smith v. Marsh*, 194 F.3d 1045, 1052 n.5 (9th Cir. 1999)." (Doc. 55 at 5)

The Ninth Circuit has recently "explain[ed], yet again, the importance of following a district court's local rules. 'District courts have broad discretion in interpreting and applying their local rules.'" *Simmons v. Navajo County*, ___ F.3d ___, 2010 WL 2509181, * 3 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). "[W]e emphasize that the district court in this case was under no obligation to undertake a cumbersome review of the record on the [Plaintiff's] behalf." (*Id.*) Although the Court's preference is to resolve the parties' discovery dispute on the merits, Plaintiff's failure to fully comply with LRCiv 37.1(a), after she was afforded a second opportunity to file a conforming Supplement, warrants a denial of Plaintiff's Motion. *Tran v. Tyco Elec. Corp.*, 2008 WL 2037279, at * 2

(D.Or. 2008) (denying motion to compel where plaintiff failed to comply with Local Rule 37.1's requirements); *Burgess v. Pliler*, 2006 WL 278588, at * 3 (E.D. Cal. 2006) (defective motion to compel denied where party failed to follow local rule requiring that party set forth the requests propounded and allegedly deficient responses received).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Production of Documents and Responses to Non-Uniform Interrogatories, doc. 52, is **DENIED**.

DATED this 21st day of July, 2010.

Lawrence O. Anderson
United States Magistrate Judge